Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JESMALIE LÓPEZ LÓPEZ<br><br>Recurrida<br><br>v.<br><br>BENNER PRODUCTS – LA CASA DE LOS PLAFONES – BEST BENNER BUILDING CORP.<br>Y OTROS<br><br>Peticionario | KLCE202401089 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso núm.: CG2024CV01635 (701)<br><br>Sobre: Despido injustificado (Ley núm. 80) y otros |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de octubre de 2024.

En un caso laboral iniciado bajo la vía sumaria (Ley 2, *infra*), el Tribunal de Primera Instancia ("TPI") denegó la conversión del mismo al trámite ordinario. Según se explica a continuación, concluimos que el recurso de referencia es tardío, pues una moción de reconsideración en este tipo de caso no interrumpe el término para recurrir ante este Tribunal.

I.

En mayo de 2024, la Sa. Jesmalie López López (la "Empleada") presentó la acción de referencia, de índole laboral (la "Demanda"), en contra, en lo pertinente, de Best Benner Building Corp. y el Sr. Francisco Benero García (en conjunto, el "Patrono"). La Demanda se presentó bajo el procedimiento sumario dispuesto por la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, 32 LPRA Sec. 3118 ("Ley 2").

La Empleada alegó que había comenzado a trabajar en el negocio del Patrono, conocido como *La Casa de los Plafones*, en junio

de 2019. Sostuvo que, luego de su embarazo y su licencia de maternidad, le "hicieron ajustes en el sueldo", le "cambiaron su clasificación de empleada" y fue víctima de "acoso laboral". Afirmó que el Patrono "no tenía facilidades para la extracción de leche". Aseveró que fue despedida injustificadamente y, por tanto, no pudo recibir "su bono de productividad según lo acordado entre las partes". También alegó que fue objeto de represalias por el Patrono, pues este suministró "datos falsos" a la Policía de Puerto Rico. Así pues, reclamó que fue objeto de discrimen por sexo, que el Patrono violó varias leyes que protegen a las madres obreras, que fue objeto de acoso laboral, represalias y despido injustificado, y que hubo incumplimiento de contrato.

El Patrono contestó la Demanda. Negó que la Empleada fuese despedida y afirmó que esta no fue objeto de discrimen o de acoso. Sostuvo que había respetado todos los derechos de la Empleada. Con la referida contestación, el Patrono incluyó una "Reconvención"; alegó que la Empleada había sido "negligente y dolosa en sus acciones" (sin especificar cuáles) y que, por ello, le había causado "malestar [y] angustias mentales", así como daños a su "reputación", "provocando ... pérdidas económicas [y] gastos".

La Empleada solicitó la desestimación de la reconvención, sobre la base de que la misma está prohibida por ley en casos que se tramitan bajo la Ley 2.

Por su parte, el Patrono solicitó al TPI que convirtiese el caso al trámite ordinario y, así, permitiese la reconvención.

El TPI, mediante una Orden notificada el 11 de septiembre, convirtió el caso a ordinario.

No obstante, a raíz de una solicitud de reconsideración de la Empleada, mediante una Orden notificada el 17 de septiembre (la "Orden"), el TPI "dej[ó] sin efecto la conversión del caso a la vía

ordinaria", por lo que dispuso que "la reconvención se da por no sometida".

El 27 de septiembre, el Patrono solicitó la "reconsideración" de la Orden (la "Reconsideración"), lo cual fue denegado por el TPI mediante un dictamen notificado el 30 de septiembre.

Inconforme, el 9 de octubre, el Patrono presentó el recurso que nos ocupa; plantea que el TPI erró al dejar sin efecto su determinación anterior de convertir el caso a la vía ordinaria. Arguye que, por la "naturaleza de las reclamaciones", y del descubrimiento de prueba que sería necesario, lo más aconsejable era mantener la conversión del caso al trámite ordinario. Disponemos.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*. Al respecto, dispone, en lo pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto

anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. [...]

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

Como consecuencia, y a partir, de la Orden, la Demanda se tramita por la vía sumaria. Por tanto, el recurso de referencia se presentó de forma tardía. Veamos.

El término aplicable para solicitar la revisión de la Orden era de 10 días y, más importante aún, la Reconsideración no interrumpió dicho término. Véase *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 736 (2016) (término para solicitar al

Tribunal de Apelaciones la revisión de una determinación interlocutoria en casos bajo la Ley 2 es de 10 días y, además, "la figura de reconsideración interlocutoria es incompatible con el procedimiento provisto por la Ley Núm. 2", por lo cual no es capaz de interrumpir el antedicho término).

Así pues, el Patrono tenía hasta el 27 de septiembre para solicitarnos la revisión de la Orden; no obstante, el recurso no se presentó sino hasta casi dos semanas luego (el 9 de octubre). Ello sin que se adujera la existencia de justa causa para la dilación. Véase Regla 32(D) de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 32(D) (término para presentar el recurso de *certiorari* es de cumplimiento estricto); Regla 52.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(b); *Córdova v. Larín*, 151 DPR 192, 194-5 (2000). Adviértase que la justa causa tiene que ser acreditada con explicaciones concretas y particulares que permitan al juzgador concluir que hubo una excusa razonable para la tardanza. *Febles v. Romar*, 159 DPR 714, 720 (2003); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92-3 (2013).

Por otro lado, aun partiendo de la premisa de que tuviéramos jurisdicción para considerar el recurso de referencia, de todas maneras, en el ejercicio de nuestra discreción, denegaríamos la expedición del auto solicitado.

Adviértase que, en el contexto de un proceso sumario bajo la Ley 2, *supra,* **la regla general, con limitadísimas excepciones, es la no revisión de los dictámenes interlocutorios** del TPI. Véase, por ejemplo, *Medina Nazario v. McNeil Healthcare,* 194 DPR 723, 733 (2016) ("la revisión de resoluciones interlocutorias" no se admite salvo en "casos extremos"); *Dávila, Rivera v Antilles Shipping,* 147 DPR 483, 494-98 (1999).

En efecto, "la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento" y, así, este Tribunal

"debe abstenerse de revisar dichas resoluciones". *Dávila,* 147 DPR a las págs. 496 y 497. Esta norma general solamente admite excepción cuando el TPI ha actuado sin jurisdicción o "en casos extremos en que la revisión inmediata, en etapa, disponga del caso… en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una grave injusticia". *Dávila,* 147 DPR a la pág. 498 (énfasis suplido).

En este caso, analizados los factores de la Regla 40, *supra,* particularmente a la luz de la norma general de no revisión de dictámenes interlocutorios en casos que se conducen sumariamente bajo la Ley 2, *supra,* concluiríamos que procedería la denegación del auto solicitado. No surge del récord que lo actuado por el TPI genere un "fracaso a la justicia"; ni siquiera surge que la decisión recurrida sea claramente errónea, de tal modo que estemos ante una situación extrema que amerite nuestra intervención. Véase Regla 40(A) y 40 (G) de nuestro Reglamento, *supra; Dávila, supra; Medina Nazario, supra.*

Lo actuado por el TPI, al negarse a convertir el caso a la vía ordinaria, constituyó un ejercicio razonable y válido de la amplia discreción que tiene dicho foro en el manejo del caso ante sí. Resaltamos que lo planteado por el Patrono en cuanto a la necesidad de un descubrimiento de prueba más amplio de lo contemplado por la Ley 2 puede ser considerado luego por el TPI, pues dicho foro tiene autoridad para autorizarlo, de estimarlo necesario, aun dentro del trámite sumario.

En fin, no surge del récord que el TPI actuase movido por prejuicio o parcialidad. Tampoco se desprende que incurriera en algún abuso de discreción o que se equivocara en la interpretación o aplicación de una norma procesal o sustantiva. No nos corresponde, en este contexto, sustituir nuestro criterio por el ejercido por el TPI.

IV.

Por los fundamentos que anteceden, se desestima, por tardío, el recurso de referencia.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones